IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIPINO OBMERGA and LOLITA OBMERGA,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK,<br><br>    Defendant.<br>_____/ | No. C 09-05502 CW<br><br>ORDER DENYING PLAINTIFFS' <u>EX PARTE</u> APPLICATION FOR TEMPORARY RESTRAINING ORDER |

    Plaintiffs Filipino and Lolita Obmerga move <u>ex parte</u> for a temporary restraining order rescinding and setting aside the June 30, 2009 trustee sale of their property located in Contra Costa County.  According to Plaintiffs, a trial on their unlawful detainer of the home is set to begin today, November 23, 2009.

    A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction." <u>Burgess v. Forbes</u>, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party

1  must "establish that he is likely to succeed on the merits, that he
2  is likely to suffer irreparable harm in the absence of preliminary
3  relief, that the balance of equities tips in his favor, and that an
4  injunction is in the public interest." <u>Winter v. Natural Res. Def.
5  Council</u>, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

6      It is not clear from Plaintiffs' complaint when the
7  foreclosure proceedings on their home began, but the home was sold
8  in a trustee sale on June 30, 2009.  Plaintiffs claim that they did
9  not receive proper notice of the sale.  Nevertheless, Plaintiffs
10 waited until Friday, November 20, 2009, the business day before the
11 trial for their alleged unlawful detainer is set to begin, to file
12 an <u>ex parte</u> application for an order to set aside the trustee sale.
13 The timing of this application weighs against their request.
14 Further, although the balance of the harm tips toward Plaintiffs,
15 they have not presented the requisite showing of meritoriousness
16 required for the Court to issue an injunction.  Plaintiffs' request
17 for immediate <u>ex parte</u> relief is therefore DENIED.  If Plaintiffs'
18 request does not become moot by the unlawful detainer action,
19 Plaintiffs may file a regularly noticed motion for a preliminary
20 injunction.  <u>See</u> N.D. Cal. Civ. R. 7-2.

21     IT IS SO ORDERED.

23 Dated: 11/23/09

                                        CLAUDIA WILKEN
                                        United States District Judge